IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MANDRIEZ SPIVEY,<br><br>        *Plaintiff*,<br><br>v.<br><br>**JOHN OR JANE DOES** *(Unknown Warden, Unknown Assistant Warden, Unknown Psychological Team, and Unknown Female Psychologist)*,<br><br>        *Defendants.* | **CIVIL ACTION NO.**<br>**5:21-cv-00398-TES** |

ORDER OF DISMISSAL

On November 8, 2021, the Clerk of Court received and docketed three filings

from Plaintiff Mandriez Spivey: a Complaint [Doc. 1], a Motion for Leave to Proceed *In*

*Forma Pauperis* [Doc. 2], and a Motion to Appoint Counsel and Motion to Change Venue

[Doc. 3]. Since Plaintiff neglected to sign his Motion to Appoint Counsel and Motion to

Change Venue in violation of Federal Rule of Civil Procedure 11, the Clerk of Court

issued Plaintiff a Notice of Deficiency and instructed Plaintiff to "[refile] [his] signed

document within 21 days from the date of" the November 8th Notice.

In the meantime, the Court conducted its preliminary screening of Plaintiff's

Complaint wherein it granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

and ordered him to recast his Complaint because each of his four defendants were

"unknown" and because—although he did mention on potential defendant by name—

the Court could not discern which, if any, of his factual allegations pertained to that

individual. *See generally* [Doc. 4]. Like the Clerk of Court with his Notice of Deficiency,

the Court likewise gave Plaintiff 21 days to file a recast complaint to fix his pleading

deficiencies. [*Id.* at pp. 5–9].

Since fictitious party pleading is not permitted in the Eleventh Circuit unless a

"plaintiff's description of the defendant is so specific as to be 'at the very worst

surplusage[,]'" the Court, in its Order to Recast Complaint, gave Plaintiff the

opportunity to "better identify" his defendants and "their alleged violations" and even

pinpointed several questions that would aid in the drafting of a recast complaint. [*Id.* at

pp. 7–8 (first citing Fed. R. Civ. P. 10(a) and then quoting *Richard v. Johnson*, 598 F.3d

734, 738 (11th Cir. 2010))]. However, despite Plaintiff's adherence to the Clerk of Court's

instructions regarding the Rule 11 issues with his Motion to Appoint Counsel and

Motion to Change Venue, Plaintiff failed to file a recast complaint as ordered. Instead,

Plaintiff submitted 13-page forensic evaluation detailing opinions about his mental

health status. *See generally* [Doc. 5-1]. While the forensic evaluation names several

individuals, including forensic psychology professionals, it still does nothing to help the

Court determine who Plaintiff is trying to sue. Even if the Court could discern exactly

who Plaintiff wanted to name as his defendants because of the individuals listed in the

forensic evaluation it would be improper for the Court to essentially author and file a recast complaint on his behalf. *See Campbell, infra.*

Finally, the Court recognizes that Plaintiff is appearing *pro se*. Thus, his Complaint and the 13-page forensic evaluation (to the extent he intended the evaluation to be his recast complaint) is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, nothing in that leniency—as the Court has already told Plaintiff— excuses him from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998), *cert. denied*, 493 U.S. 863 (1989); [Doc. 4, pp. 5–9]. Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted). Assuming the identity of his "unknown" defendants could be surmised from named individuals scattered throughout the 13-page forensic evaluation, it is not the Court's job to pluck those names from it, assert factual allegations against those individuals, and place them into a rule compliant complaint to create a cause of action on his behalf. *See id.*

The Court previously told Plaintiff that his "[f]ailure to comply with [its] Order could result in the dismissal of [his] Complaint." [Doc. 4, p. 8]. Plaintiff clearly

understood the instructions given to him because he refiled his Motion to Appoint

Counsel and Motion to Change Venue with his signature to comply with Rule 11. *See*

[Doc. 5]. However, aside from filing a copy of his forensic evaluation, Plaintiff made no

efforts whatsoever to use the questions provided by the Court to construct any filing

that could be possibly be accepted as a recast complaint. *See* [*id.* at p. 8]; *see also* Fed. R.

Civ. P. 6(d).

Accordingly, the Court **DISMISSES** Plaintiff's Complaint [Doc. 1] **without**

**prejudice** for his failure to obey a court order. *See* Fed. R. Civ. P. 41(b); *Brown v.*

*Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing

Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541,

544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for

failure to prosecute or failure to obey a court order."). Consequently, the Court **DENIES**

**as moot** Plaintiff's Motion to Appoint Counsel and Motion to Change Venue [Doc. 3]

and his Amended Motion to Appoint Counsel and Motion to Change Venue [Doc. 5].

The Court **DIRECTS** the Clerk of Court to **ENTER** Judgment and **CLOSE** this case.

**SO ORDERED**, this 8th day of December, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**